Tabiahebbo, J.
In the early part of the year 1866, one Mialocq had a number of freedmen employed in chopping wood for him; ■ .Several of them brought suits against him before E. B. Tinney, a justice of the peace, for their wages. Mialocq was arrested, and a seizure was made of the stock of provisions he had on hand for the use of his laborers. He was released from the arrest and the property from seizure; upon executing a bond of $500, conditioned as follows: “ Thatif said Mialocq appear at my office and deliver up to me the articles enumerated herein, on Sat-, urday, the 17th of February, 1866, or pay certain judgments or claims against him in favor of a number of colored-men, then this bond to bovoid, or else to remain in full force and effect.” ',
Terrail, the plaintiff, became the surety of Mialocq on this, bond; It-seems the conditions of the bond were not complied with.' On the bond, the following decree was endorsed: “Justice’s Court, Fourth Ward, St. Charles parish. This bond was forfeited on the 17th of February,,-1866,. by the within-named principal, and the security, by refusing to deliver, the within schedule of goods, also offering contempt to the court, cursing and defying the law? of the same.
“ This, the 17th day of February; 1866.”
“E. B. Tinney, J. P.”
“The constable proceeded to seize the goods of-the defendant, and put the same under keeping for further action of the court, by the order of the court forthwith.
February 17, 1866. “E. B. Tinney, J. P.”
It seems that on the 23d of February, about thirteen days after the. date of the bond, about-forty other parties instituted additional suits in the same court against Mialocq. A separate judgment was rendered, in each suit, and executions followed.-
The property detailed in the schedule was finally sold, and brought an ■ amount exceeding five hundred dollars. It appears, as part of- the singular and multifarious proceedings disclosed by this record{“longpi curm longce ambages ”) that Mialocq had previously instituted in the- District Court against some of the parties at least, who had obtained these nume-, rous judgments against him, an action to annul, having restrained the executions by injunction. The aggregate amount of the- judgments, he essayed to annul, was $214 25. He failed in this effort. Judgment'was rendered against him, the injunction dissolved, and he prayed for-an appeal to this court, which was refused. He applied to this court for a mandamus, to compel the District Judge to allow the appeal; This application was refused, on the ground that this Court had no-jurisdiction in the case. 18 A-. p. 398.
After these successive defeats, and his effects sold under execution, Mialocq absconded. A notice in each of the many cases was served upon the unfortunate surety, informing him that the judgments had been confirmed by the Supreme Court, and that he was looked to for payment:. Executions without number were issued, and property of the surety to the amount of $710 was seized. This property consisted of twenty-five cords of wood, a pair of oxen, a mule, two carts and harness, and other things appraised to $710, , The oxen and mule were work .animals of the plaintiff.
*446 This property was seized oh the 28th of March, and was advertised and sold on the 5th July, the justice of the peace becoming the purchaser. The plaintiff took out an injunction on the 3d of July, to stop the sale, but service of the writ was not made in time to prevent it. 'He then took a writ of sequestration, and in his petition prays for judgment against Tinney and his constable, E. G. Young, $3,000 damages, for the restoration of his property, which he alleges was illegally and wrongfully seized, or payment for its value, and all other equitable relief. It seems these numerous executions, none of them for a sum exceeding fifteen dollars, were clubbed and put in the hands of the sheriff. The property was seized under the sequestration, and bonded by the plaintiff, and taken into his possession.
At the ensuing October term of the District Court, the injunction and sequestration suits were consolidated and tried together. The defendants severed in their answers. Tinney denies each and every allegation in plaintiff’s petition contained. He avers that all his judgments, writs, notices, ’etc., have been rendered and conducted in conformity with law; that he cannot be made answerable civiliter for his official acts, should it be found that he has erred in any of the forty-nine cases against John Mialo'cq-and Jean Baptiste Terrail, security; it is nothing more or less than errors of judgment in his official capacity, for which he is not liable in damages.
The other defendant, Young, puts in a general denial. He avers that he'acted throughout under the sanction of judicial authority, executing such process as was directed to him in his official capacity.
The defendants had judgment in their favor in the court below, and the plaintiff appeals.
Without deciding that the defendants for the official acts complained of are liable in damages to the plaintiff, nevertheless it is clear that they should be held bound to restore to the plaintiff his property, or, in default thereof, its full value. The plaintiff was, in no manner whatever, a party to any of the forty-nine judgments rendered against Mialocq. They were as to him “res inter alios acta.” He stood simply as the surety of Mialócq, on a bond conditioned for the payment of $500, if Mialocq failed to deliver to the Justice the property which had been seized, or pay certain judgments or claims held against him in favor of a number of colored men. This bond is a mere nullity. The property seized, and for which, the bond taken, was again seized by the constable immediately after the rendition of the decree of the Justice, declaring the forfeiture of" the bond an ex parte proceeding wholly irregular. Although the bond itself was null, still its conditions were in effect complied with, for the very property stipulated to be returned was taken possession of by the constable, as the record shows, the day it was to be forthcoming.
It is therefore ordered, adjudged and decreed that the defendants, E. B. Tinney and E. H. Young, within twenty days from the filing of this decree in the lower court, restore to the plaintiff, Jean Baptiste Terrail, his property seized under the order of E. B. Tinney, justice of the peace, dated 17th February, 1866, and which is described in the writ of sequestration, directed to the sheriff of the parish of St. Charles; and in default thereof,-it-is adjudged and decreed that plaintiff have judgment against *447 the defendants in solido, for the sum of seven hundred and ten dollars, and that execution issue thereon after the expiration of the delay granted for the restoration of the property.
It is further ordered, that the defendants pay costs in both courts.